UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHRISTOPHER COFFER, | No. 2:24-cv-3247 CKD P |
| Plaintiff, | |
| v. | ORDER |
| SINGH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On February 26, 2025, the court dismissed plaintiff's complaint with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff alleges that while admitted in the San Joaquin General Hospital for weakness resulting from plaintiff starving himself, he fell from his bed and was left unconscious on the floor for 30-45 minutes. Apparently, an alarm should have notified staff of the fall, but the

/////

1

volume on the alarm was turned down too low.  Plaintiff blames certain defendants for not checking the volume on the alarm before plaintiff fell.

As plaintiff has been already informed, conditions of confinement can amount to cruel and unusual punishment and therefore violate the Eighth Amendment.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994).  A prison official may be held liable for subjecting an inmate to harmful conditions of confinement if a prisoner can show sufficiently serious injury and that the prison official was deliberately indifferent to the risk of harm.  <u>Id.</u> at 834, 837.  Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." <u>Id.</u> at 834 (internal quotation omitted).

Plaintiff does not state a claim under the Eighth Amendment for two reasons.  First, plaintiff fails to point to any injury suffered by him as a result of any actions of the defendants.  To be clear, plaintiff does not blame defendants for his falling, but for leaving him on the floor; and plaintiff does not allege that his remaining on the floor caused him any injury.  Second, even if plaintiff did suffer actionable injury, he has not shown it was the result of deliberate indifference.  To make such a showing, plaintiff would have to point to facts indicating a defendant knew or should have known that plaintiff would fall from his bed and then be left on the floor.  <u>See</u> <u>Connick v. Thompson</u>, 563 U.S. 51, 61 (2011) (deliberate indifference standard requires proof that a defendant disregarded a "known or obvious consequence of his action").

For these reasons, plaintiff's amended complaint must be dismissed.  Good cause appearing, plaintiff will be given one final opportunity to state a claim upon which he can proceed.  Plaintiff is again informed that the court cannot refer to a prior pleading in order to make a subsequent one complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 18, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
coff3247.14(2)