1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JONATHAN CHRISTOPHER COFFER,          No.  2:24-cv-3247 CKD P

12              Plaintiff,

13        v.                               ORDER AND

14   SINGH, et al.,                        FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18   1983.  On March 18, 2025, the court dismissed plaintiff's amended complaint with leave to file a

19   second amended complaint.  Plaintiff has now filed a second amended complaint.

20        The court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25        Plaintiff alleges that while admitted in the San Joaquin General Hospital for weakness

26   resulting from plaintiff starving himself, he fell from his bed and was left unconscious on the

27   floor for 30-45 minutes.  Apparently, an alarm should have notified staff of the fall, but the

28   /////

1

1   volume on the alarm was turned down too low.  Plaintiff blames certain defendants who are

2   nurses for not checking the volume on the alarm before plaintiff fell.

3           As plaintiff has been already informed, conditions of confinement can amount to cruel and

4   unusual punishment and therefore violate the Eighth Amendment.  Farmer v. Brennan, 511 U.S.

5   825, 833 (1994).  A prison official may be held liable for subjecting an inmate to harmful

6   conditions of confinement if a prisoner can show sufficiently serious injury and that the prison

7   official was deliberately indifferent to the risk of harm.  Id. at 834, 837.  Thus, the relevant

8   inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a

9   sufficiently substantial risk of serious damage to his future health."  Id. at 834 (internal quotation

10  omitted).

11          Plaintiff does not state a claim under the Eighth Amendment for two reasons.  First,

12  plaintiff fails to point to any injury he suffered because of any actions of defendants.  To be clear,

13  plaintiff does not blame defendants for his falling, but for leaving him on the floor and does not

14  point to anything that reasonably suggests his remaining on the floor caused him any injury.

15  Second, even if plaintiff did suffer actionable injury, he has not shown it was the result of

16  deliberate indifference.  To make such a showing, plaintiff would have to point to facts indicating

17  a defendant knew or should have known that plaintiff would fall from his bed and then be left on

18  the floor.  See Connick v. Thompson, 563 U.S. 51, 61 (2011) (deliberate indifference standard

19  requires proof that a defendant disregarded a "known or obvious consequence of his action").

20  This showing has not been made.

21          For these reasons, plaintiff's second amended complaint must be dismissed.  Plaintiff has

22  been given two opportunities to, in good faith, state a claim upon which he can proceed.  The

23  court does not give leave to file a third amended complaint because it appears doing so is futile.

24          In accordance with the above, IT IS HEREBY ORDERED that:

25          1. The Clerk of the Court assign a district court judge to this case.

26          2. Plaintiff's motion that the court order service of process on defendants (ECF No. 21) is

27  DENIED.

28  /////

1        IT IS HEREBY RECOMMENDED that:

2        1.  Plaintiff's second amended complaint be dismissed for failure to state a claim upon

3    which relief can be granted; and

4        2.  This case be closed.

5        These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7    after being served with these findings and recommendations, plaintiff may file written objections

8    with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

9    and Recommendations."  The parties are advised that failure to file objections within the specified

10   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

11   (9th Cir. 1991).

12   Dated:  September 9, 2025

13                                                          _____

                                                           CAROLYN K. DELANEY
14                                                         UNITED STATES MAGISTRATE JUDGE

15

16

17   1
     coff3247.frs
18

19

20

21

22

23

24

25

26

27

28

3