UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHRISTOPHER COFFER, | 2:24-cv-03247-TLN-CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SINGH, et al., | |
| Defendants. | |

Plaintiff Jonathan Christopher Coffer, a state prisoner, proceeds in forma pauperis and without counsel. This case is referred to the undersigned by Local Rule 302 and 28 U.S.C. § 636(b)(1). Plaintiff's third amended complaint ("TAC") is before the court for screening. See 28 U.S.C. § 1915A(a). (ECF No. 33.) Plaintiff cannot state a claim for relief based on the underlying facts and the TAC should be dismissed without further leave to amend.

**I.      Allegations in the SAC**

Plaintiff brings a claim concerning events that occurred when he was transported to San Joaquin General Hospital because of his hunger strike. ECF No. 33 at 2. Plaintiff alleges that he fell out of the bed and because the defendants had not turned up the sound on the bed alarm the staff was unaware of his fall and he was left on the floor for 45 minutes. Id. Plaintiff alleges recurring headaches as a result of being left on the floor. Id. at 4.

/////

1

II.     **Discussion**

As plaintiff has been already informed, conditions of confinement can amount to cruel and unusual punishment and therefore violate the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 833 (1994). A prison official may be held liable for subjecting an inmate to harmful conditions of confinement if a prisoner can show sufficiently serious injury and that the prison official was deliberately indifferent to the risk of harm. Id. at 834, 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 834 (internal quotation omitted).

As with his second amended complaint, plaintiff does not state a claim under the Eighth Amendment in his TAC. While plaintiff alleges he has suffered from headaches as a result of being left on the floor, he has not shown it was the result of deliberate indifference. To make such a showing, plaintiff would have to point to facts indicating a defendant knew or should have known that plaintiff would fall from his bed and then be left on the floor. See Connick v. Thompson, 563 U.S. 51, 61 (2011) (deliberate indifference standard requires proof that a defendant disregarded a "known or obvious consequence of his action"). Plaintiff's allegations that defendants disregarded his request to turn up the bed alarm are not sufficient to demonstrate deliberate indifference.

III.    **Conclusion**

Plaintiff was previously informed on two occasions of the deficiencies in his complaint and filed further complaints containing substantially similar allegations and deficiencies. It clearly appears plaintiff cannot state a claim for relief based on the underlying facts. Thus, the SAC should be dismissed without further leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

IV.     **Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

The court has screened your third amended complaint. The undersigned is recommending this case be dismissed for failure to state a claim upon which relief can be granted. If you

2

disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations."

### V.    Recommendation

IT IS RECOMMENDED as follows:

1. Plaintiff's third amended complaint be dismissed without further leave to amend for failure to state a claim.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 9, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Ckd.coffer..scrn.tac.fr

3